Lester Brand and Mary Brand v. Commissioner.
Brand v. Commissioner
Docket No. 35271.
United States Tax Court
1953 Tax Ct. Memo LEXIS 389; 12 T.C.M. (CCH) 69; T.C.M. (RIA) 53029; January 30, 1953
Lester Brand, for the petitioners. Michael J. Clare, Esq., for the respondent. TURNER Memorandum Findings of Fact and Opinion TURNER, Judge: The respondent determined a deficiency in income tax against the petitioners for the year 1948 of $294.50. The only question is the deductibility of $2,700 paid by petitioner Lester Brand to his two brothers. Findings of Fact The petitioners are husband and wife, and reside at 635 Straight Street, Cincinnati, Ohio. They filed a joint income tax return for 1948 with the collector of internal revenue for the first district of Ohio. Petitioner Lester Brand is the son of Louis William Brand and Josephine Brand. He is the brother of Clifford G. Brand and Louis Brand, Jr. Louis William *390 Brand died testate during the early part of 1944, or prior thereto. He left his property to his widow, Josephine Brand. In so far as shown of record, the property consisted of real estate, located at 635 Straight Street, Cincinnati, Ohio; certain United States Postal Savings Bonds; United States Savings Bonds; United States War Savings Bonds; a $500 Condemnation Bond, City of Cincinnati; one share of The Heuck Opera Home Company; Equity Certificate, The Title Guarantee & Trust Company; and Certificate of Membership, Musical Mutual Company. At the time of her husband's death, Josephine Brand was advanced in years. Prior to the closing of the administration of the estate of Louis William Brand and the final distribution of the assets therein, Josephine Brand and her three sons, on June 26, 1944, executed the following agreement: "In consideration of $1.00 and other good and valuable considerations, and in further consideration of the desire of Josephine Brand to make an immediate distribution of her estate, and in order to compose the differences between Lester, Louis and Clifford Brand, sons of Josephine Brand, in reference to the above and also the imminent distribution of their *391 father's estate, Louis William Brand; it is agreed between all of the above parties as follows: "(1) There will be distributed to Clifford and Louis Brand one-half of $6,700.00 face value United States Savings Bonds each. "(2) There will be deeded to Lester Brand by Josephine Brand the real estate at 635 Straight Street, subject to Josephine Brand's life estate. "Lester Brand further agrees to devise the above property by will in equal shares to Louis and Clifford Brand and their heirs. "Lester Brand further agrees to live with and care for his mother during her life time. "(3) In the event the assets of Josephine Brand are exhausted during her life time then her three undersigned sons agree to support her equally. "(4) It is further agreed that Louis and Lester Brand will waive their executors' fees in the estate of their father, Louis William Brand. "(5) The above distribution is to be made within fifteen days after the estate of Louis William Brand is fully administered. All parties agree to sign all necessary papers and documents to give effect to this agreement." After the closing of the administration of the estate of Louis William Brand and the distribution *392 of the asses therein, $6,700 face value of United States Savings Bonds were delivered, one half each, to Clifford and Louis Brand. The real estate at 635 Straight Street was deeded by Josephine Brand to Lester Brand, as provided in the agreement. Lester Brand lived with, and maintained and supported, his mother in the premises until the date of her death, May 11, 1946. On some undisclosed date prior to October 9, 1946, Lester Brand was married to petitioner Mary Brand. After the marriage, Clifford G. and Louis Brand precipitated arguments and controversies with Lester Brand, with respect to claimed interests in the property at 635 Straight Street. These arguments culminated in the filing of a suit by Clifford G. Brand in the Court of Common Pleas for Hamilton County, Ohio. In the suit so filed, the petitioners herein, together with Louis Brand, were named as parties defendant. The petition in the above suit recited the signing of the agreement of June 26, 1944, including the provision to the effect that Josephine Brand should convey the property at 635 Straight Street to Lester Brand, subject to her life estate, and that Lester Brand had agreed that he would devise the said real *393 estate, by will, in equal shares, to Louis Brand and Clifford Brand. The deeding of the property to Lester Brand by Josephine Brand on June 29, 1944, was also set forth. The petition then recited the marriage of Lester Brand and alleged that Mary Brand claimed some interest in the real estate, by reason of being the wife of Lester Brand; that Lester Brand questioned the validity and construction of the written contract and claimed that Louis Brand and Clifford Brand had no interest in the real estate. The petition then contained allegations of claim on the part of Clifford Brand and Louis Brand that, by reason of the agreement of June 26, 1944, they were owners of undivided one-half interests in the property in fee, "subject to the life estate of the said Lester Brand." The petition ended with a prayer that the court construe the contract and issue a declaratory judgment, "setting forth the respective rights and interests of the parties * * * in the above described real estate." When the above proceeding was called for hearing, the judge, stating "You fellows are to old to start fighting over a thing like this," urged that the petitioner Lester Brand and his brothers work their differences *394 out in conference and reach an agreement with respect thereto. A conference was had and, as a result thereof, Lester Brand agreed to pay, and did pay, to his brothers the sum of $2,700. The brothers agreed to deliver, and did deliver, to Lester Brand a warranty deed reciting a conveyance by them to Lester Brand of all title and interest which, either in law or in equity, Clifford G. Brand or Louis Brand had in the premises. On the basis of the agreement whereby Lester Brand paid the $2,700 in cash to his brothers Clifford G. and Louis Brand and they, in turn, delivered to him the warranty deed, the suit in the Court of Common Pleas was dismissed. In making their income tax return for 1948, the petitioners claimed the $2,700 as a deduction in computing their taxable net income. The respondent, in his determination of the deficiency herein, disallowed the deduction so claimed. Opinion The petitioners claim that the $2,700 paid by Lester Brand to his brothers constitutes a deductible item under section 23 (a) (1) (A) of the Internal Revenue Code, as an ordinary and necessary expense, under section 23 (a) (2), as an expense for the management, conservation, *395 or maintenance of property held for the production of income, and as a loss. It is well settled law that the cost and expense of defending or perfecting title to property constitute a part of the cost of the property, and is not deductible. Jones' Estate v. Commissioner, 127fed. (2d) 231; Schwabacher v. Commissioner, 132 Fed. (2d) 516; Owens v. Commissioner, 125 Fed. (2d) 210; Moynier v. Welch, 97 Fed. (2d) 471; Murphy Oil Co. v. Burnet, 55 Fed. (2d) 17. In the instant case, Clifford G. Brand filed a suit, naming his brother Lester Brand and his brother Louis Brand as parties defendant. In the petition therein, claim was made that Clifford G. Brand and Louis Brand were the owners in fee of the property referred to herein as 635 Straight Street, subject to a life estate in Lester Brand. Lester Brand made due denial of the claims of his brothers. The case did not go to trial, but, at the suggestion of the court, a conference was held by the brothers wherein an agreement of settlement was reached, whereby Lester Brand paid to his brothers the sum of $2,700 and they, in turn, delivered to him a warranty deed, releasing or giving up *396 the claims they were making with respect to the property. On the basis of the agreement reached, the payment made and the deed given, the suit was settled and Lester Brand's title was cleared, perfected and relieved of the claims of his brothers. The $2,700 is not an allowable deduction but, as cost, becomes part of the taxpayer's basis for gain or loss purposes in the event of subsequent sale or other disposition of the property. The result is not otherwise, even though the claims against the property may have been, or were, void and without merit and the payment made was by way of compromise. Jones' Estate v. Commissioner, supra; Schwabacher v. Commissioner, supra; and Murphy Oil Co. v. Burnet, supra.
Decision will be entered for the respondent.